**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-60195

UNITED CAPITOL INSURANCE COMPANY,

Plaintiff-Appellant,

versus

PONTOTOC ELECTRIC COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Mississippi

(3:91-CV-19)

September 14, 1999

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

United Capitol Insurance Company ("United") appeals the jury's verdict and the denial of its

motion for judgment notwithstanding the verdict, or in the alternative, for a new trial. For the reasons

ascribed, we affirm.

I.

This case stems from Plaintiff-Appellant United's effort to recover payments it made to an

insured, Washington Furniture Manufacturing Co., as a result of damages caused by a fire. The fire

was attributed to acts and omissions of Defendant-Appellee Pontotoc Electric Company ("PEPA").

A jury found for PEPA on all claims and the district court denied United's post-trial motions. United

timely appealed.

II.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United raises four arguments on appeal. First, United contends that it was entitled to a new trial because PEPA's closing argument was improper and prejudicial. Next, United argues that the district court failed properly to instruct the jury. Third, United asserts that the district court erred by construing the pretrial order in a manner that did not allow it to argue that PEPA had violated the National Electrical Safety Code, which may have led to the fire. Finally, United submits that the district court erred in denying its motion in limine and admitting certain evidence regarding the use of fuses in the PEPA transformer. We will consider each in turn.

A.

We review the district court's decision not to grant a new trial for an abuse of discretion. See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc., 848 F.2d 613, 619 (5th Cir. 1988). When based on improper argument by counsel, a new trial should be granted only when "improper closing argument irreparably prejudices a jury verdict or if a jury fails to follow instructions." Id. Counsel must be given a "reasonable latitude" to make forceful closing arguments. See Whitehead v. Food Max, 163 F.3d 265, 275 (5th Cir. 1998). To detect impropriety or error, "the entire argument should be reviewed within the context of the court's rulings on objection, the jury charge, and any corrective measures applied by the trial court." Id. (quoting Westbrook v. General Tire and Rubber Co., 754 F.2d 1233, 1238 (5th Cir. 1985)).

We have reviewed PEPA's closing argument and find that it did not infect the trial with a level of prejudice that would warrant a new trial. Although PEPA did note the size differences between the parties, counsel did not mention financial disparity or the ability of PEPA to pay a judgment. During voir dire by the district court, a potential juror remarked about the possibility of a rate hike in the wake of an adverse judgment against PEPA. PEPA, however, did not raise the issue during voir dire and never explicitly raised the issue at trial. United also misconstrues PEPA's "long fang" argument. It offered an illustration of United's burden of proof as opposed to a characterization of the United's motive in bringing the complaint.

Furthermore, the district court instructed the jury that the arguments of counsel were not

evidence, instructed them to avoid rendering a verdict based on prejudice, and explained that the jury should deliberate as if the case had been tried between equals. See also South-East Coal Co. v. Consolidation Coal Co., 434 F.2d 767, 787-88 (6th Cir. 1970) (finding insufficient, without other evidence tending to establish prejudice, mere allegation that small company versus big company argument swayed jury). Based on the district court's instructions and the limited prejudicial weight, if any, of PEPA's remarks, the district court properly denied United's motion for a new trial on these grounds. See, e.g., United States v. Arce, 997 F.2d 1123, 1130 (5th Cir. 1993) (even if remarks prejudicial, error harmless). Finding no basis for relief, we affirm.

B.

A party challenging the district court's jury instructions must establish "that the charge as a whole creates 'substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.'" See Barber v. Nabors Drilling U.S.A., Inc., 130 F.3d 702, 708 (5th Cir. 1997) (quoting Flores v. Cameron County, 92 F.3d 258, 262 (5th Cir. 1996)). Even if the instruction is erroneous, reversal is inappropriate unless the court determines, after a review of the entire record, that the challenged instruction affected the outcome of the case. See Barber, 130 F.2d at 708.

The challenged jury instruction, D-8, is a proper statement of the law. In Upton v. Magnolia Elec. Power Ass'n, 511 So.2d 939 (Miss. 1987), the Mississippi Supreme Court held that an electric company could not be held liable for defects in wiring that they did not own or control. See id. at 943. Accordingly, an electric company's liability for defects ends at the point where the company's wiring originally terminated and, absent knowledge of defects, did not extend to wiring controlled by the customer. See id.

Nevertheless, United argues that the instruction required that the jury find for PEPA. This argument is unsupported by the entire jury instructions. Jury Instruction D-8 merely limited PEPA's liability as instructed by Upton. If the evidence showed that negligent conditions maintained outside the weatherhead proximately caused the fire (for example, improper fusing or improper connection to the weatherhead), then the jury could have returned a verdict in favor of United under Jury

3

Instructions P-19 and P-33, regardless of Jury Instruction D-8.  Our review of the challenged jury instruction leads us to affirm.

C.

We review a district court's interpretation of a pretrial order for abuse of discretion.  See Thrift v. Hubbard, 44 F.3d 348, 356 (5th Cir. 1995).  "Under the Federal Rules of Civil Procedure, a pleading, or pretrial order, need not specify in exact detail every possible theory of recovery—it must only 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'"  Id. (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L.Ed.2d 80 (1957)).

The district court permitted United to submit evidence on the "attachment theory," but after concluding that the evidence failed to support the theory, the district court refused to instruct the jury on claims 5-10 of Jury Instruction P-39 (i.e., the factual basis of the attachment theory).   We agree with the district court.  The record reveals that United pursued a claim based on the theory that PEPA either improperly fused, or used defective fuses in, its transformer bank, ultimately causing the fire which destroyed the plant.  As the weaknesses in this theory were exposed, United offered the new attachment theory which it was unable to substantiate because it had failed to secure the evidence necessary to advance the claim.  Under these circumstances, the district court properly struck allegations five through ten of jury instruction P-39.  The court's decision was properly grounded in its pretrial order and therefore was not an abuse of discretion.  See  Hodges v. United States, 597 F.2d 1014, 1017 (5th Cir. 1979).

D.

United argues that the district court erred in denying its motion in limine.  Unless a party renews its objection to the evidence when offered at trial, this court will review only for plain error.  See Marceaux v. Conoco, Inc., 124 F.3d 730, 733-34 (5th Cir. 1997).  If the objection is properly renewed, this court reviews the district court's admission of evidence for abuse of discretion.  See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).  Even if the district court abused its discretion, this court reviews the admission for harmless error.  See id.  Reversal is appropriate only

4

when a complaining party's substantial rights are affected. See id. Appellate courts confer great deference on the trial court's rulings on such motions. See F.D.I.C. v. Wheat, 970 F.2d 124, 131 (5th Cir. 1992). United must show the reason why the evidence should be excluded.

United contends that the district court improperly admitted expert testimony under Daubert v. Merrell Dow Pharm, Inc., 509 U.S. 579 (1993), and abused its discretion under Fed. R. Evid. 104, 401, 402, and 403 by admitting evidence regarding the fusing in PEPA's transformer bank. United bases its Daubert challenge on the inability of any expert to testify regarding when the fuses in the PEPA transformer actually operated— before, during, or after the fire. United further argues that the district court admitted evidence regarding the clearing times of A.B. Chance 21 and 14 ampere fuses without any evidence that PEPA actually used these fuses in the proper configuration (two 21 ampere fuses; one 14 ampere fuse) in its transformer bank. See FED. R. EVID. 104(b) (conditional relevance).

We are not convinced by United's argument because the function and operation of the fuses, or lack thereof, emerged as a focal point early in the case. United's expert testified that the proper fusing of PEPA's transformer bank required two 21 ampere fuses and one 14 ampere fuse. This testimony, combined with PEPA's testimony of its normal business practices relevant to the placement of fuses in the transformer bank supported the district court's decision to admit the fuse charts. Moreover, United sought the benefit of metallurgical testing to determine if the fuses had ever operated within the barrels. The tests determined that it was more likely than not that the fuses had operated within two fuse barrels. United has failed to carry its burden of showing why this testimony, based on a reasonable degree of scientific certainty, should be excluded. Finding no abuse of discretion, we affirm.

III.

For the foregoing reasons, we affirm.

5