**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-20267**
**Summary Calendar**
**Civil Docket # H-99-CR-590-ALL**

_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**HAROLD LEE MILES, also known as Short Dog,**

**Defendant-Appellant.**

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

March 29, 2001

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

EDITH H. JONES, Circuit Judge:[*]

Harold Lee Miles appeals his conviction for possession
with the intent to distribute crack cocaine in violation of 21
U.S.C. § 841.  He argues that the evidence was insufficient to
establish his identity and his possession of the cocaine.

Miles moved for a judgment of acquittal at the close of
the Government's case in chief and at the close of evidence.  Thus,
he properly preserved for appeal his argument that the evidence was
not sufficient to support his conviction.  _See_ <u>United States v.</u>

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Moreno</u>, 185 F.3d 465, 470-71 (5th Cir. 1999), *cert. denied*, 120 S. Ct. 835 (2000). In deciding the sufficiency of the evidence, this court determines whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt. <u>United States v. Charroux</u>, 3 F.3d 827, 830-31 (5th Cir. 1993).

The jury was free to reject the alibi testimony offered by Miles. *See* <u>United States v. Freeman</u>, 77 F.3d 812, 816 (5th Cir. 1996). Conversely, the jury was free to credit the identification testimony of the officers because it was not incredible as a matter of law. <u>Id</u>. Nor was it tentative or uncertain. *Compare* <u>United States v. Guerrero</u>, 169 F.3d 933, 942 (5th Cir. 1999). Although Miles suggests that his possession of the cocaine was based solely on his presence in the area and his association with gang members, the jury could rely on the police officer's testimony that he saw Miles throw down an object to establish the possession element of the offense. *See* <u>United States v. Skipper</u>, 74 F.3d 608, 611 (5th Cir. 1996). The judgment of the district is AFFIRMED.

**AFFIRMED.**