IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT
_____

No.  99-50139
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DON GEORGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
Western District of Texas
_____

January 12, 2000

Before FARRIS[1], WIENER, and STEWART, Circuit Judges.

JEROME FARRIS, Circuit Judge:

Following a jury trial, Defendant-Appellant Don George was convicted of conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 846.  George appeals his conviction, relying on alleged errors by the district court and the cumulative effect of those errors.  We affirm.

George, Jose Calderon, and Norman Compton were charged in a one-count indictment.  Calderon and Compton pleaded guilty prior to George's trial, and Compton testified for the Government pursuant to a plea agreement in which the

_____

[1]Circuit Judge of the Ninth Circuit, sitting by designation.

Government agreed to move for a departure below the mandatory minimum sentence if Compton provided substantial assistance against George. Eduardo Duron and Luis Gonzalez, who had been convicted on drug offenses charged in a separate indictment, also testified against George in the hope of obtaining more lenient treatment in exchange for their testimony.

The three witnesses implicated George in a conspiracy to transport 50- to 100-pound loads of marijuana from El Paso, Texas, to Alabama between 1993 and May 1996. It is undisputed that, during part of that period, George owned two eighteen-wheeler trucks and a gas station/convenience store located in Albertville, Alabama, and he frequently drove his trucks on cross-country trips.

George acknowledges, as he must, that the witnesses' testimony, if believed, was sufficient to convict him. George, instead, attacks the basis for the testimony. Other than the witnesses' testimony, there was sparse evidence of George's guilt. The Government introduced two Western Union money transfers which purported to come from a "Tammy Williamson," which was George's wife's maiden name. Mrs. George denied sending the money orders and the Government did not attempt to controvert her testimony.

George contends that the jury would have believed him if the district court had (1) not excluded relevant evidence, (2) not limited his ability to impeach prosecution witnesses, and (3) taken appropriate action regarding the prosecutor's comments during closing argument. George, however, failed to object to the prosecutor's closing argument at the time. George also contends that cumulative

error requires reversal.

While we agree with George that the jury's evaluation of his credibility and the credibility of prosecution witnesses was pivotal, we affirm the district court.

**Exclusion of Evidence**

George contends that the district court abused its discretion by excluding relevant evidence. We reject the argument.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "All relevant evidence is admissible . . . [e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. We review a district court's evidentiary rulings for an abuse of discretion. *See United States v. McAfee*, 8 F.3d 1010, 1017 (5th Cir. 1993) (exclusion of evidence). The district court's decision will not be disturbed unless there is an abuse of discretion. *See United States v. Hays*, 872 F.2d 582, 587 (5th Cir. 1989). Ultimately, we examine "what effect the error had or reasonably may be taken to have had upon the jury's decision." *Id.* at 587.

One of the prosecution witnesses, Norman Compton, testified that George told him that he purchased his store and his two trucks with profits from trafficking in marijuana. George denied this claim, testifying that he was a legitimate small business owner and that he had purchased the store and trucks with a combination of legitimate loans and business profits. George offered, and the district court admitted, documentary evidence concerning George's loans and taxes. George also

attempted to offer into evidence documentation of a $50,000 default judgment that he had obtained against William Rankin. George had sold his store to Sheila Rankin, William Rankin's wife. The Government objected to the evidence as irrelevant and the district court sustained the objection.

George argues that the default judgment was relevant evidence and should have been admitted because it supported the truthfulness of his testimony that he (1) sold his store to Sheila Rankin for $80,000.00, (2) received a $10,000.00 down payment from her, and (3) used the $10,000.00 as a down payment on the purchase of his second truck. If the court had admitted the evidence, we would not have deemed it error, but that is not the question before us.

The default judgment was against William Rankin, not Sheila Rankin. On its face, nothing tied the default judgment to the sale of the store to Sheila Rankin. Nor did the figures mesh. While the alleged sales price was $80,000 and the alleged down payment was $10,000, the default judgment was only $50,000. Also, there was no evidence of a community debt or that William Rankin played any role in the transaction. When the Government objected that the default judgment was not relevant and the district court sustained that objection, George could have offered more to demonstrate possible relevance. He did not.

We cannot say that the district court abused its discretion by denying the admission of evidence of the default judgment. George's showing was insufficient to establish that the default judgment was relevant, *see* Fed. R. Evid. 401, and because it was not relevant it was not admissible, *see* Fed. R. Evid. 402. Also,

given the district court's admission of other documentary evidence concerning George's loans and taxes, this default judgment would have been a "needless presentation of cumulative evidence." Fed. R. Evid. 403. The district court did not abuse its discretion by excluding the default judgment. *See McAfee*, 8 F.3d at 1017.

**Impeachment of Witnesses**

George also contends that the district court abused its discretion by limiting his ability to impeach two prosecution witnesses. We disagree.

"The admission or exclusion of evidence at trial is a matter committed to the discretion of the trial court." *United States v. Moody*, 903 F.2d 321, 326 (5th Cir. 1990). The trial court is given "wide latitude" in imposing reasonable restraints upon defendant's right to cross-examination. *See id.* at 329; *see also Sims v. ANR Freight System, Inc.*, 77 F.3d 846, 849 (5th Cir. 1996) ("a district judge has broad discretion in managing his docket, including trial procedure and the conduct of trial").

On re-direct examination of George by his defense counsel, the district court sustained the prosecutor's objection to a question that appeared to go outside the scope of the cross examination. George's attempt to impeach prosecution witness Duron, by acknowledging that he knew Duron was a convicted felon was outside

the scope of the prosecutor's cross-examination of George.

After George's defense witness, Vernice Martin, testified about her belief that prosecution witness Compton was untruthful, the district court sustained the prosecutor's objection to a question concerning Compton's reputation in the community for truthfulness. George's counsel failed to lay the proper predicate for Martin's testimony concerning Compton's reputation for truthfulness.

There was no abuse of discretion in limiting George's ability to impeach these two prosecution witnesses. *See Moody*, 903 F.2d at 326; *see also United States v. Privett,* 68 F.3d 101, 105 (5th Cir. 1995) (noting that a district court does not abuse its discretion by rejecting cumulative evidence or evidence for which a proper predicate has not been laid).

### Prosecutor's Closing Comments

George also contends that the district court erred by allowing inappropriate remarks by the prosecutor in her closing argument. We disagree.

Because George failed to object to the prosecutor's closing argument, we review for plain error. *See United States v. Munoz*, 150 F.3d 401, 415 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 887 (1999).

The prosecutor told the jury that "the reason the government brought this case is because we sincerely believe that this man is a co-conspirator in this drug operation." She also commented on the fact that George's only character witnesses were his wife, his wife's sister, and a friend of his wife's. The prosecutor then told the jury that the reasonable inference was that George did not call his own friends as

witnesses because they would not "come in and lie for him."

It is well settled that "a prosecutor may not interject h[er] personal opinion concerning the merits of the case or of the credibility of a witness." *United States v. Anchondo-Sandoval*, 910 F.2d 1234, 1238 (5th Cir. 1990). When a prosecutor commits what she must know is plain error in an effort to bolster her case, the reviewing court should closely scrutinize the record. While the statements to which George now objects were improper, we are convinced that "the prosecutor's remarks [do not] cast serious doubt on the correctness of the jury's verdict." *United States v. Iredia*, 866 F.2d 114, 118 (5th Cir. 1989).

In his opening statement, defense counsel raised a question of why the government brought this case against George. The prosecutor's closing comment can possibly be explained as an answer to this question. In addition, the prosecutor's character-witness comment appears to have been part of a rhetorical question to help the jurors understand what reasonable inferences they might draw. None of this excuses these inappropriate comments. They should not have been made, but the record of the trial leaves no doubt that it was the jurors who made any reasonable inferences from the evidence. The prosecutor also told the jurors that they were to be "the sole judges of the credibility or believability of the witness[es] and the weight to be given to their testimony." Our careful review of the record satisfies us that these circumstances do not evince plain error and the jury's verdict did not turn on the prosecutor's comments. *See Iredia*, 866 F.2d at 118.

**Conclusion**

The district court's evidentiary rulings did not deprive George of his constitutional rights to present a defense or confront adverse witnesses, the prosecutor's closing comments did not deprive him of a fair trial, and there was no cumulative error requiring reversal.

**AFFIRMED.**