**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 99-51130
Summary Calendar**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**WALTER T. JONES,**

**Defendant-Appellant.**

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-96-CR-894-ALL-H
- - - - - - - - - - -
June 23, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Walter T. Jones appeals his conviction and sentence following a jury trial on six counts of mail fraud. The conviction was based on Jones's scheme to sell first class postage stamps at a discounted price. The evidence at trial indicated that Jones received through the mail approximately $130,000 in orders requesting discounted stamps, but he failed to provide stamps for his customers. Jones argues that the prosecution made three inappropriate and harmful remarks during closing argument that affected his substantial right to a fair trial. The remarks were

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not challenged at trial; therefore, we review for plain error. United States v. George, 201 F.3d 370, 373 (5th Cir. 2000), cert. denied, (U.S. May 22, 2000)(No. 99-9148).

First, Jones complains that the prosecutor improperly stated that an individual may return stamps to the post office for a full refund. Jones argues that there was no evidence at trial indicating whether the post office will refund stamps at face value. He also contends that the prosecutor's closing argument affected his right to a fair trial because the remark went directly to the issue whether Jones had the specific intent to commit fraud.

Antonio Sifuentes, a United States Postal Inspector, testified that a postage stamp is similar to a government security or treasury bond, and is treated as face value. Although the precise issue whether the post office would buy back stamps at face value was not explored at trial, Jones has not explained how this issue is relevant to whether he had the intent to commit fraud. Thus, he has failed to demonstrate that the prosecutor's remark affected his substantial rights. *See* United States v. Tomblin, 46 F.3d 1369, 1389 (5th Cir. 1995).

Next, Jones argues that the prosecutor improperly labeled his postage stamp program as a "bait and switch" scheme. Although none of the witnesses specifically identified Jones's program as a bait and switch scheme, and although there was no evidence at trial defining the term "bait and switch," the prosecutor's alleged mischaracterization of Jones' program was neither inappropriate nor harmful. During her closing argument, the prosecutor accurately described Jones' fraudulent scheme as it was presented at trial.

Moreover, Jones has not explained how the alleged mischaracterization of the program affected his substantial rights. He asserts that it led the jury to believe that he was involved in a sophisticated criminal plan. In fact, ample evidence was presented at trial that Jones was involved in a criminal scheme to defraud individuals by offering them discounted first class stamps in exchange for their participation in a multilevel marketing program, but that Jones then failed to deliver the stamps. *See* United States v. Simpson, 901 F.2d 1223, 1227-28 (5th Cir. 1990)(this court will not set aside a conviction if the prosecutor's conduct did not contribute to the guilty verdict).

Finally, Jones argues that the prosecutor improperly compared his multilevel marketing program to that of Amway. Jones argues that there was no evidence explaining Amway's multilevel marketing method. Contrary to Jones's assertion, there was testimony at trial indicating that Amway operated a "downline" multilevel marketing method, while Jones's program had more of a "starburst effect." Thus, the prosecutor properly relied on the evidence presented at trial when she compared Jones's program to that of Amway. Furthermore, other than the conclusional assertion that the prosecutor's comment implicates the issue whether Jones had the specific intent to commit fraud, Jones has failed to demonstrate how this remark affected his substantial rights.

Jones has failed to demonstrate plain error, or any error for that matter, on the issue whether the prosecutor made inappropriate or harmful remarks during closing argument. Accordingly, Jones' conviction and sentence are AFFIRMED.

**AFFIRMED.**