IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50290
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFRED JOHN KIEP,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-99-CR-154-1-F
- - - - - - - - - -
September 7, 2001

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Alfred John Kiep appeals his conviction and sentence for possession of more than 100 kilograms of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Kiep contends that the evidence was insufficient to support the knowledge element of his conviction, in that the marijuana was concealed in a hidden compartment of the rented recreational vehicle ("RV") Kiep was driving. The evidence was not insufficient to support Kiep's conviction. See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cano-Guel, 167 F.3d 900, 904 (5th Cir. 1999). The jury was authorized to find implausible Kiep's story of how the marijuana came to be found in the RV at a Border Patrol checkpoint in Texas. See United States v. Ramos-Garcia, 184 F.3d 463, 466 (5th Cir. 1999); United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999) (constructive possession of drugs may be shown by control of vehicle in which drugs are concealed), cert. denied, 121 S. Ct. 125 (2000).

For the first time on appeal, Kiep contends that the prosecution made improper comments during its closing statement when it stated that he had "duped" and "used" his wife with respect to the proposed California trip. The record suggests that these comments were based on the evidence presented at trial rather than that they were the prosecutor's personal opinion of a witness's credibility. See United States v. George, 201 F.3d 370, 373-74 (5th Cir.), cert. denied, 529 U.S. 1136 (2000); United States v. Casel, 995 F.2d 1299, 1309 (5th Cir. 1993), judgment vacated as to codefendant on other grounds, 510 U.S. 1188 (1994). Kiep has not demonstrated plain error with respect to this claim. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Also for the first time on appeal, Kiep maintains that his trial attorney performed ineffectively by misinforming him about the applicability of the "safety valve" provision, U.S.S.G. § 5C1.2. Claims of ineffective assistance of counsel generally may not be raised on direct appeal unless they were raised in district court. United States v. Rivas, 157 F.3d 364, 369 (5th

Cir. 1998). When such a claim is raised for the first time on direct appeal, this court will reach the merits of such claim only "'in rare cases where the record [allows the court] to evaluate fairly the merits of the claim.'" Id. (quoting United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987)). This is not one of the "rare cases" in which the record permits this court to address the merits of such a claim.

Finally, Kiep argues that the district court erred in not applying the "safety valve" guideline. Aside from the fact that Kiep never formally requested a "safety valve" departure in district court, the record reflects that Kiep failed to sustain his burden of "'ensuring that he has provided all the information and evidence regarding the offense to the Government." United States v. Miller, 179 F.3d 961, 964 (5th Cir. 1999) (citation omitted).

AFFIRMED.