IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20935
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY W. LINDSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-277-ALL
--------------------
October 21, 2002

Before GARWOOD, JOLLY and SMITH, Circuit Judges.

PER CURIAM:[*]

Anthony W. Lindsey appeals his conviction and sentence for possession of a firearm by a felon. Lindsay argues that his conviction should be reversed because the district court erroneously excluded evidence and imposed improper limits on questioning during voir dire; because the prosecutor improperly bolstered the testimony of Government witnesses; and because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence is insufficient to establish that the firearm supporting his conviction had a nexus with interstate commerce.

Lindsay was charged as a felon in possession of a firearm after he allegedly discarded a firearm in a grassy field while fleeing from officers who sought to question him. The trial court granted the Government's motion in limine to exclude from evidence a photograph of a rusty shotgun that a defense investigator found underneath a house adjacent to the field approximately three months after Lindsay's arrest.

This court reviews the admission or exclusion of evidence for abuse of discretion. United States v. George, 201 F.3d 370, 372 (5th Cir. 2000). Relevant evidence is generally admissible; irrelevant evidence is not. United States v. Hays, 872 F.2d 582, 586 (5th Cir. 1989); FED. R. EVID. 402. Even if the court finds "an abuse of discretion in the admission or exclusion of evidence," the error is reviewed under the harmless error doctrine. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996); United States v. Haese, 162 F.3d 359, 364 (5th Cir. 1998). Evidentiary rulings will be affirmed unless they "affect a substantial right of the complaining party." Skipper, 74 F.3d at 612. The exclusion of the photograph was within the discretion of the trial court because the photograph has no direct relevance to whether the "chrome object" that Lindsay allegedly discarded in the field was the firearm recovered by the arresting officer. George, 201 F.3d at 372.

We reject Lindsay's argument that he is entitled to a new trial because the trial court refused to allow his attorney to ask prospective jurors whether they believed that police officers are capable of lying.  See United States v. Armendariz-Mata, 949 F.2d 151, 156 (5th Cir. 1991).

We also reject Lindsay's argument that his conviction should be reversed because the prosecutor bolstered the testimony of Government witnesses by asking leading questions and presenting an improper closing argument.  The prosecutor's questions and argument directly responded to the aspersions cast on the witnesses by the defense.  There is no reversible error.  United States v. Thomas, 12 F.3d 1350, 1367 (5th Cir. 1994).

Lindsay's argument that the evidence fails to establish that the firearm found in the field was "in or affecting commerce" as required by 18 U.S.C. § 922(g)(1) is foreclosed by circuit precedent.  United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002)(citations omitted); United States v. Short, 181 F.3d 620, 624 (5th Cir. 1999).

Finally, we conclude that Lindsay has failed to show that cumulative error deprived him of a fair trial.  United States v. Munoz, 150 F.3d 401, 418 (5th Cir. 1998); see FED. R. CRIM. P. 52(a).

AFFIRMED.