# United States Court of Appeals
# for the Fifth Circuit

No. 22-40067
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 11, 2022

Lyle W. Cayce
Clerk

Booker T. Huffman,

*Plaintiff—Appellant*,

*versus*

Activision Publishing, Incorporated; Activision Blizzard, Incorporated; Major League Gaming Corporation; Treyarch Corporation,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:19-CV-50

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Booker T. Huffman ("Booker T") sued Defendants-Appellees (collectively, "Activision") for copyright

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

infringement under 17 U.S.C. § 501 and violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1202. The jury returned a verdict of no infringement, and the district court entered an order dismissing the case. Booker T appealed. We AFFIRM.

## I. Background

Booker T is a professional wrestler who sometimes uses the in-ring persona, "G.I. Bro." In 2015, Booker T teamed up with Travis Huffman to create cartoon versions of G.I. Bro and comic books based on the character (collectively, the "G.I. Bro works"). Booker T registered the comic books and illustrations with the United States Copyright Office. He also promoted his character and the comic books by appearing at comic book events dressed as G.I. Bro.

Activision published a series of multiplayer, first-person shooter videogames titled, "Call of Duty." One of the games, Call of Duty: Black Ops III included a character named David "Prophet" Wilkes, who had replaced ninety percent of his body with cybernetics to enhance his fighting ability. In 2018, Activision released a prequel to Black Ops III called Call of Duty: Black Ops IV, which depicted Prophet as he was before he remade himself. This depiction of Prophet and the cartoon image of G.I. Bro both have a muscular build, similar skin tone and facial expression, dreadlocks worn under a black skull cap, military style clothing including ammunition holders strapped to their bodies, and assault rifles held in a similar fashion.

Booker T brought an action for copyright infringement against Appellees alleging that Prophet was a copy of one of his G.I. Bro works—a G.I. Bro poster. Before trial, Activision moved in *limine* to exclude, *inter alia*, evidence of alleged other instances of copyright infringement by Activision. This included evidence regarding any alleged resemblance between (1) the character Battery from Black Ops IV and Charlize Theron and/or her character Furiosa in Mad Max: Fury Road and (2) the character Torque in

Black Ops IV and Kristofer Hivju and/or his character Tormund Giantsbane in Game of Thrones (collectively, the "Battery and Torque exhibits"). Huffman agreed to seek leave from the court before introducing these exhibits.

At trial, after Activision's witness, Dan Bunting, testified as to the development of the Prophet character, Booker T's counsel approached he bench seeking to introduce evidence of other copying, ostensibly to test the credibility of Bunting's statement that the company uses a "rigorous process . . . to ensure there's no improper use of any kind of outside reference." The district court ruled that the evidence would not be admitted.

On the following day, after Activision completed its trial presentation, but before the parties rested, Booker T's counsel stated that he had "exhibits we would like to offer as an offer of proof into the [c]ourt's record[,]" including the Battery and Torque exhibits. Activision objected to the documents on the grounds that Booker T had not offered the exhibits during the earlier bench conference that followed Bunting's testimony, the magistrate judge heard and rejected the same arguments at the pre-trial conference, the documents were counsel-created, and allowing the exhibits to come in would violate Federal Rule of Evidence 404. The district court stated that "balancing the relevancy and probative value against the prejudice and delay . . . it was a very easy call" not to admit the exhibits. The district court permitted Booker T to file the exhibits on the docket as an offer of proof, and he did so after the trial had concluded.

The jury returned a verdict in favor of Activision, concluding it did not infringe Huffman's copyright in the G.I. Bro poster. Huffman appealed. The issue on appeal is whether the district court abused its discretion by excluding the Battery and Torque exhibits.

## II.  STANDARD OF REVIEW

"We review a district court's evidentiary rulings for an abuse of discretion." *United States v. George*, 201 F.3d 370, 372 (5th Cir. 2000). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Bocanegra v. Vicmar Servs., Inc.*, 320 F.3d 581, 584 (5th Cir. 2003). "If we find an abuse of discretion in admitting or excluding evidence, we next review the error under the harmless error doctrine, affirming the judgment, unless the ruling affected substantial rights of the complaining party." *Id.* "[W]e 'may not disturb the district court's exclusion of the evidence . . . if that ruling can be upheld on other grounds, regardless of whether the court relied on those grounds.'" *Viazis v. Am. Ass'n of Orthodontists*, 314 F.3d 758, 767 (5th Cir. 2002).

## III.  DISCUSSION

Booker T argues that the district court abused its discretion when it excluded the Battery and Torque exhibits because it did not properly weigh their probative value against the alleged danger of unfair prejudice or undue delay. Activision counters that the Battery and Torque exhibits are character evidence barred by Rule 404 and that even if they were relevant for a purpose not forbidden by Rule 404, their probative value was substantially outweighed by their prejudice. We agree with Activision.

Federal Rule of Evidence 404 prohibits the introduction of character evidence or other bad acts "to show that on a particular occasion the person acted in accordance with the character." FED. R. EVID. 404(a)(1), (b)(1). Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

No. 22-40067

Booker T contends that he sought to introduce the Battery and Torque exhibits to rebut and impeach Bunting's testimony that Activision acted in accordance with the rigorous process he described, "not to prove that it infringed [Booker T's] copyright because of a character trait." But we have explained that "[e]ven where the evidence serves some conceivable non-character purpose such as impeachment, we still must carefully consider whether the introducing party was actually 'attempting to convince the jury that [the defendant] was a bad man' who acted in conformity with his bad character in the case at hand." *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Prod. Liab. Litig.*, 888 F.3d 753, 785 (5th Cir. 2018). "If yes, the unduly prejudicial effect of such an argument will very likely substantially outweigh its probative value." *Id.*

Here, Booker T's assertions before the district court and on appeal demonstrate that by attempting to introduce the exhibits purportedly evidencing other instances of copying, he intended to show that Activision acted in conformity with its bad character in the instant case. First, during Booker T's offer of proof, counsel stated in reference to the previous day's bench conference, "I approached the bench to talk about other instances of infringement."[1] Similarly, in his post-trial opposition to Activision's motion for attorney's fees, Booker T stated, "the evidence, which did not get admitted at trial, shows that Defendants' use of the works and images of others is quite vast." On appeal, Booker T reasons that because the Battery and Torque exhibits show that Activision's creation of two other characters involved the improper use of "outside references," the exhibits could have

---

[1] Now, on appeal, Booker T contends that Activision's creation of Battery and Torque were not "other acts" within the meaning of Rule 404 because they were in the same game as Prophet and were thus subject to the same Activision process. But Booker T cannot have it both ways. That is, he cannot refer to the creation of Battery and Torque as "other instances of infringement" while claiming that these were not "other acts."

rebutted and impeached Bunting's testimony in two ways: the jury could have concluded (1) "that Activision's process did not work as Bunting said it did" and (2) "that Activision and Bunting did not follow the procedure he described." It follows from these arguments that Booker T wanted the jury to doubt Bunting's testimony and to conclude, based on Activision's alleged copying, that it had failed to abide by its rigorous process in the past, and thus had similarly failed in this case. This is improper character evidence under Rule 404.

Moreover, even if the exhibits concerning Activision's development of other characters were relevant to the question of whether it copied the G.I. Bro poster to create Prophet's image, the district court was still within its discretion to exclude the Battery and Torque exhibits based on the dangers of unfair prejudice and undue delay. The exhibits were highly prejudicial because they served to compel the jury to infer that if Activision copied with respect to Battery and Torque, it must have similarly copied to create Prophet. This prejudicial effect is compounded by Booker T's lack of proof that the creation of Battery and Torque involved improper copying. *See* FED. R. EVID. 104(b) ("When the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist.").

Regarding undue delay, the district court reasoned that admitting the exhibits "would have resulted in a series of mini trials." As Activision points out, had the Battery and Torque exhibits been admitted, it likely would have had to present evidence and testimony to refute Booker T's assertion that those exhibits represented other instances of copying—evidence such as an explanation of the casting for the model on whom Torque was based, testimony by that model, or expert testimony explaining the archetypes Torque was based on. In light of the minimal relevance and probative value of the Battery and Torque exhibits, we agree with the district court's

No. 22-40067

assessment that the scale tipped toward unfair prejudice and undue delay. We cannot say that this determination was based on an erroneous view of the law or a clearly erroneous assessment of the evidence. *See Bocanegra*, 320 F.3d at 584. Accordingly, we hold that the district court did not abuse its discretion in excluding the Battery and Torque exhibits.[2]

## IV.  CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[2] Because we conclude that there was no abuse of discretion, we need not reach Booker T's argument that the exclusion of the Battery and Torque exhibits affected his substantial rights.