IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-50185
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMILIO GODINES; ADRIAN AYALA-MORENO,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CR-354-3
_____

October 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Emilio Godines and Adrian Ayala-Moreno ("Ayala") were convicted by a jury of conspiring to possess and aiding and abetting the possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 and 18 U.S.C. § 2.  Godines and Ayala each challenges the sufficiency of the evidence to support his conviction.  Specifically, each

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the evidence was insufficient to demonstrate that he was aware of the methamphetamine hidden in the vehicle in question.

Ayala contends that his testimony established his lack of knowledge of the drugs hidden in the car and offered a reasonable explanation of his innocence. He concedes that cooperating codefendant Ruben Buenfil's testimony tended to show that Ayala exercised some control over the drug-laden vehicle but asserts that there was no other circumstantial evidence of guilty knowledge to support his conviction.

In reviewing a challenge to the sufficiency of the evidence, we must determine whether a rational jury could have found that the evidence established guilt beyond a reasonable doubt on each element of the offense, drawing all reasonable inferences from the evidence and viewing all credibility determinations in the light most favorable to the verdict.[1] We do not evaluate the weight of the evidence or the credibility of the witnesses.[2] If this review of the evidence gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence of the offense charged, we are required to reverse.[3] On the other hand, the evidence presented need not exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except

---

[1] *United States v. Barton*, 257 F.3d 433, 439 (5th Cir. 2001).

[2] *United States v. Delgado*, 256 F.3d 264, 273-74 (5th Cir. 2001).

[3] *Barton*, 257 F.3d at 439.

2

that of guilt, and we have noted that the jury is free to choose among reasonable constructions of the evidence.[4]

The evidence, when viewed in the light most favorable to the government, establishes that a reasonable jury could find beyond a reasonable doubt that Ayala had guilty knowledge. That Ayala offered an explanation of his innocence is of no moment.[5] Moreover, the jury clearly did not credit his testimony denying knowledge of the drugs, and this court will not disturb the jury's credibility determination.[6] The evidence demonstrated that Ayala and his girlfriend owned the vehicle in which the drugs were hidden; that Ayala offered Buenfil $1,000 to drive the car across the border; that Ayala made arrangements to pick Buenfil up, meet Godines, and deliver the vehicle; that Ayala provided Buenfil with instructions for delivering the car in Texas and left a cell phone contact number in case Buenfil got lost; that Ayala stated, in response to Buenfil's questions about what was in the car, that he did not care if someone ended up in jail; and that, when Ayala later reclaimed the vehicle from Buenfil, Ayala drove erratically at high rates of speed, apparently attempting to overtake Buenfil

---

[4] *United States v. Ortega Reyna*, 148 F.3d 540, 543 (5th Cir. 1998).

[5] *See id.; see also United States v. Lage*, 183 F.3d 374, 382–83 (5th Cir. 1999), *cert. denied*, 528 U.S. 1163 (2000); *United States v. Bustamante*, 45 F.3d 933, 938 (5th Cir. 1995).

[6] *See Delgado*, 256 F.3d at 273-74.

after discovering that the methamphetamine was not in the hidden compartment. The record thus supplies circumstances sufficiently evidencing a consciousness of guilt on Ayala's part.[7] His insufficiency claim therefore fails, and his conviction is AFFIRMED.

Godines's insufficiency argument is similarly unavailing. His challenge is based on the fact that Ayala and Buenfil gave conflicting testimony. Godines specifically challenges Ayala's testimony, asserting that it is incredible on its face.

Contrary to Godines's assertions, the evidence, when viewed in the light most favorable to the government, is sufficient to support Godines's conviction. There was evidence introduced at trial to show that Godines delivered the car in which the methamphetamine was hidden to the meeting place to turn over to Buenfil; that Godines owned the cell phone that was used as the contact number for Buenfil while driving the car across the border; that the car carrying the methamphetamine was ultimately delivered to Godines's residence; and that Godines became very nervous after Buenfil delivered the car without the methamphetamine, reaching into the secret compartment and calling someone to report that the car had arrived "without the merchandise." Godines urges that because the jury discredited a portion of Ayala's testimony related

---

[7] *Cf. United States v. Mendoza*, 226 F.3d 340, 345-46 (5th Cir. 2000); *United States v. Williams-Hendricks*, 805 F.2d 496, 500-01 (5th Cir. 1986).

4

to Ayala's own claim of innocence, the rest of Ayala's testimony, particularly that which implicated Godines, cannot be credited.  He is incorrect: a jury is free to choose to believe part of a witness's testimony without believing all of that witness's testimony.[8]  Godines has not demonstrated that Ayala's testimony was insubstantial or incredible on its face and thereby insufficient to sustain his conviction.[9]

Godines additionally argues that the trial court erred in sustaining Ayala's objection to the admission into evidence of Buenfil's plea agreement and in failing to strike a statement Buenfil made at trial to the effect that Buenfil was afraid of Godines.  We review a district court's evidentiary rulings for abuse of discretion only,[10] but in the context of a criminal trial, our review is necessarily heightened, such that we examine what effect the alleged error had or reasonably may be taken to have had upon the jury's decision.[11]  If we find an abuse of discretion in the admission or exclusion of evidence, however, we review the error under the harmless error doctrine, and we must affirm an

---

[8]  *See United States v. Pruneda-Gonzalez*, 953 F.2d 190, 196 n.9 (5th Cir. 1992).

[9]  *See United States v. Lopez*, 74 F.3d 575, 587 (5th Cir. 1996); *United States v. Gardea Carrasco,* 830 F.2d 41, 44 (5th Cir. 1987).

[10]  *United States v. Loe*, 262 F.3d 427, 436 (5th Cir. 2001).

[11]  *United States v. Nutall*, 180 F.3d 182, 189 (5th Cir. 1999), *cert. denied*, 530 U.S. 1206 (2000).

evidentiary ruling unless it affects a substantial right of the complaining party.[12] Under the harmless error doctrine, we view the error in relation to the entire proceedings and decide if the inadmissible evidence actually contributed to the jury's verdict.[13]

Our review of the record indicates that Godines has not demonstrated that the district court abused its discretion in making these evidentiary rulings. Moreover, Godines was able to cross-examine Buenfil about the statement that Buenfil was afraid of Godines and about the contents of Buenfil's plea agreement. Any error, therefore, which might have occurred in refusing to admit the written agreement itself and in refusing to strike Buenfil's statement that he was afraid of Godines was harmless in the context of the entire proceedings.

Godines also challenges his sentence, urging that the district court should have sentenced him to the low end of the guidelines range and should have awarded him a four-level reduction, pursuant to U.S.S.G. § 3B1.2, for being a minimal participant. There is no authority by which a defendant may challenge where his sentence fell within a properly-calculated guidelines range.[14] The defendant bears the burden of proving his role as a minimal participant in

---

[12] *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998).

[13] *United States v. Skipper*, 74 F.3d 608, 612 (5th Cir. 1996).

[14] *See United States v. O'Banion*, 943 F.2d 1422, 1431 (5th Cir. 1991).

the offense by a preponderance of the evidence.[15] Whether Godines was a minimal participant entitled to a four-level reduction pursuant to U.S.S.G. § 3B1.2(a) is a factual determination that we review only for clear error.[16] The commentary to section 3B1.2 makes clear that a defendant's lack of knowledge or understanding of the activities of others is indicative of a role as a minimal participant.[17] Godines has not established that the district court's determination that he was not a minimal participant was clear error, and his argument that he was entitled to a four-level reduction fails. Godines's reliance on the shortcomings that he perceives in the evidence contained in the PSR of his culpability is misplaced, because the district court was free to consider the evidence presented at trial in deciding whether to grant Godines's request for a four-level reduction as a minimal participant.[18] On the facts in the record before us, the district court did not err in determining that Godines was not a minimal participant under section 3B1.2. Godines's conviction and sentence are AFFIRMED.

---

[15] *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995).

[16] *United States v. Becerra*, 155 F.3d 740, 757 (5th Cir. 1998).

[17] U.S.S.G. § 3B1.2, cmt. n.1 (1998).

[18] *See United States v. Montes*, 976 F.2d 235, 240 (5th Cir. 1992).

7