**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 94-41269

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JOHN DERRICK SKIPPER,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
January 26, 1996

Before JOLLY, DUHÉ, and WIENER, Circuit Judges.

DUHÉ, Circuit Judge:

John Derrick Skipper appeals his conviction for possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Finding insufficient evidence to support the jury's verdict, we reverse, vacate the sentence and remand for sentencing on the lesser included offense of simple possession.

BACKGROUND

While patrolling Interstate Highway 10, Deputy Sheriff Todd Richards and criminal justice student Benny Soileau observed a Nissan automobile changing lanes erratically. Officer Richards closed on the Nissan and activated the lights of his patrol car. As the Nissan moved to the right lane, Richards and Soileau

observed a small plastic bag fly from the driver's side of the car.

After pulling over to the shoulder, John Derrick Skipper, the driver and owner of the Nissan, exited his car and approached the police car. Officer Richards immediately placed Skipper under arrest. Richards then went to the Nissan, where he found a passenger, Jerome Cutright, seated in the car. Officer Richards next placed Skipper in the patrol car and drove to retrieve the bag from the side of the road. The bag contained 2.89 grams of crack cocaine. Richards also searched the Nissan and found one straight-edge razor between the front two seats.

At trial, pursuant to Federal Rule of Evidence 404(b), the district court admitted into evidence two state-court convictions for crimes allegedly committed by Skipper. Government Exhibit #3 was a certified copy of a judgment against "John Derrick Skipper" indicating that Appellant pled guilty to possession of a controlled substance. An expert testified that the fingerprints on this conviction matched Appellant's fingerprints. Government Exhibit #2 was a certified copy of a deferred adjudication order indicating that "John D. Skipper" was placed on ten years probation for possession of a controlled substance. However, this order did not bear any fingerprints, and the government did not otherwise identify Appellant as the person named in the order.

The jury convicted Skipper of possession of crack cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On appeal, Skipper challenges the sufficiency of the evidence and also

argues that the district court erred by admitting the deferred adjudication order.

DISCUSSION

## I. Sufficiency of the Evidence

"In reviewing an appeal based on insufficient evidence, the standard is whether any reasonable trier of fact could have found that the evidence established the appellant's guilt beyond a reasonable doubt." United States v. Jaramillo, 42 F.3d 920, 922-23 (5th Cir.), cert. denied, 115 S. Ct. 2014 (1995). We review the evidence in the light most favorable to the verdict. Id. at 923.

To establish a violation of 21 U.S.C. § 841(a)(1), "the government must prove knowing possession of the contraband with intent to distribute." United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir. 1993), cert. denied, 114 S. Ct. 2150 (1994). The elements of the offense may be proven either by direct or circumstantial evidence. Id.

### A. Knowing Possession

Possession may be either actual or constructive and may be joint among several people. Id. "Constructive possession has been defined as ownership, dominion, or control over the contraband, or over the vehicle in which the contraband was concealed." United States v. Gonzalez-Lira, 936 F.2d 184, 192 (5th Cir. 1991).

There was sufficient evidence for the jury to conclude that Skipper knowingly possessed the crack cocaine. Skipper was the owner and driver of the Nissan. Richards and Soileau saw the package come from the driver's side of the car, and the driver's

3

side window and sunroof were open.  In addition, Cutright testified that he did not throw the bag from the car, that the passenger side window was closed, and that he was asleep until the police pulled the car over.  Based on this evidence, the jury could reasonably infer that Skipper possessed the bag of crack cocaine and threw it from the car.

### B.  Intent to Distribute

A quantity of drugs consistent with personal use does not raise an inference of intent to distribute in the absence of additional evidence.  See Turner v. United States, 396 U.S. 398, 90 S. Ct. 642, 656 (1970) (14.68 grams of cocaine insufficient to sustain a conviction for distribution); United States v. Olvera, 523 F.2d 1252, 1253 (5th Cir. 1975) (1.84 grams of cocaine-sugar mixture insufficient to infer intent to distribute); United States v. Onick, 889 F.2d 1425 (5th Cir. 1989) (7.7 grams of heroin and cocaine alone not sufficient to infer intent).  Such a quantity of a controlled substance, however, is sufficient when augmented by "the presence of distribution paraphernalia, large quantities of cash, or the value and quality of the substance." United States v. Munoz, 957 F.2d 171, 174 (5th Cir.), cert. denied, 113 S. Ct. 332 (1992).

Skipper possessed 2.89 grams of crack cocaine.  The government introduced some testimony indicating that this amount of drugs could suggest drug dealing.  Because this quantity is not clearly inconsistent with personal use, however, we hold as a matter of law that this quantity alone is insufficient to prove intent.

4

Additional evidence is necessary. See Onick, 889 F.2d at 1431 ("While the jury could not infer intent from the small amount of heroin and cocaine (7.7 grams) alone, it could infer intent from the combination of the drugs with the drug paraphernalia, particularly the 4,063 empty gelcaps.").

The prosecution failed to provide this additional evidence. According to the government, the straight-edge razor found in the Nissan and the absence of smoking paraphernalia suggest that Skipper intended to distribute the crack cocaine in his possession. We disagree. Even viewed in the light most favorable to the government, the evidence is insufficient to prove Skipper's intent beyond a reasonable doubt. At trial Officer Richards acknowledged that a razor may be used to cut crack cocaine into smaller pieces for personal consumption. Paraphernalia that could be consistent with personal use does not provide a sound basis for inferring intent to distribute. Thus, we do not believe that a reasonable jury could conclude beyond a reasonable doubt that Skipper intended to distribute the 2.89 grams of crack cocaine. Accordingly, we reverse Appellant's conviction under 21 U.S.C. § 841(a)(1).

C. Lesser Included Offense

We next consider how best to dispose of this case on appeal, given that there was sufficient evidence to find Skipper guilty of simple possession, but not possession with intent to distribute. Simple possession in violation of 21 U.S.C. § 844(a) is a lesser included offense of 21 U.S.C. § 841(a)(1), possession with the intent to distribute. See United States v. Steen, 55 F.3d 1022,

5

1031 (5th Cir.), <u>cert. denied</u>, 116 S. Ct. 577 (1995).  Because the jury necessarily found all of the elements of simple possession in rendering its verdict, we are empowered under 28 U.S.C. § 2106 to reduce Skipper's Section 841 conviction to a Section 844 conviction.[1]  <u>See, e.g.</u>, <u>United States v. Swiderski</u>, 548 F.2d 445 (2d Cir. 1977).  Therefore, we remand for the entry of judgment accordingly and for sentencing on the lesser included offense.

II.  <u>Admissibility of Deferred Adjudication Order</u>

We review the admission of evidence only for an abuse of discretion.  <u>United States v. Eakes</u>, 783 F.2d 499, 506-07 (5th Cir.), <u>cert. denied</u>, 477 U.S. 906 (1986).  Furthermore, even if we find an abuse of discretion in the admission or exclusion of evidence, we review the error under the harmless error doctrine. <u>United States v. Scott</u>, 678 F.2d 606, 612 (5th Cir.), <u>cert. denied</u>, 459 U.S. 972 (1982).  Finally, we must affirm evidentiary rulings unless they affect a substantial right of the complaining party. Fed. R. Evid. 103(a); <u>Foster v. Ford Motor Co.</u>, 621 F.2d 715, 721 (5th Cir. 1980).

The district court admitted into evidence a deferred adjudication order indicating that a "John D. Skipper" was placed on ten years probation for possession of a controlled substance. However, the court erred in admitting this evidence because the

_____

[1]  Section 2106 provides that a Court of Appeals may "affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."  28 U.S.C. § 2106.

6

government should have been required to produce evidence proving that Appellant was the actual "John D. Skipper" named in the deferred adjudication order. Rule 901(a) of the Federal Rules of Evidence provides: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." We hold that the mere similarity in name between a criminal defendant and a person named in a prior conviction alone does not satisfy Rule 901's identification requirement.

Nevertheless, we find the court's error harmless. "In a harmless error examination, '[w]e must view the error, not in isolation, but in relation to the entire proceedings.'" United States v. Williams, 957 F.2d 1238, 1244 (5th Cir. 1992) (quoting United States v. Brown, 692 F.2d 345, 350 (5th Cir. 1982)). "We must decide whether the inadmissible evidence actually contributed to the jury's verdict." United States v. Gadison, 8 F.3d 186, 192 (5th Cir. 1993). Because the court properly admitted a similar possession conviction and instructed the jury on its limited purpose, the improperly admitted order did not actually contribute to the jury's verdict.

CONCLUSION

Accordingly, we reverse the district court's judgment of conviction of possession with intent to distribute under 21 U.S.C. § 841(a)(1) and vacate the sentence. We remand the case to the district court with instructions to enter a judgment of guilt of

simple possession under 21 U.S.C. § 844(a) and to sentence Skipper for that offense.

Conviction REVERSED, sentence VACATED and cause REMANDED WITH INSTRUCTIONS.