IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50295
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA DIAZ, also known as Maria
Luz Lucio De La Cruz,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-973-ALL
--------------------

October 19, 1999

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Maria Diaz appeals from her jury conviction for importing a quantity of marijuana and possessing with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. §§ 841, 952, and 960. The sole issue raised on appeal is whether the district court erred in allowing the prosecutor to cross examine a defense witness with the fact that she was in jail on a misdemeanor prostitution charge.

This court reviews the admission of evidence for abuse of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion.  <u>United States v. Skipper</u>, 74 F.3d 608, 612 (5th Cir. 1996).  Furthermore, even if this court finds an abuse of discretion in the admission or exclusion of evidence, the error is reviewed under the harmless-error doctrine.  <u>Id</u>.  Under that doctrine, the court "must affirm evidentiary rulings unless they affect a substantial right of the complaining party."  <u>Id</u>.  "An error is harmless if the reviewing court is sure, after viewing the entire record, that the error did not influence the jury or had a very slight effect on its verdict."  <u>United States v. Rodriguez</u>, 43 F.3d 117, 123 (5th Cir. 1995).

The court has carefully reviewed the record and concludes that the admission of the challenged testimony, whether or not erroneous, was harmless.  In light of the overwhelming evidence of Diaz's guilt, there is not a significant possibility that the challenged testimony would have had a substantial effect on the jury.  <u>See</u> <u>United States v. Sanchez-Sotelo</u>, 8 F.3d 202, 210 (5th Cir. 1993).

AFFIRMED.