IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20440
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO TREVINO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-98-CR-407-1

_____

August 15, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

This appeal presents, primarily, a challenge to the district court's evidentiary rulings allowing the government to introduce evidence of the defendant's prior conduct under Federal Rule of Evidence 404(b). Most of the evidence was admitted without error; that which was error was harmless error. We therefore affirm.

I

The defendant, Roberto Trevino, was convicted of possession with the intent to distribute more than five kilograms of cocaine

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(ii).  On appeal, Trevino does not seek to challenge the sufficiency of the evidence supporting his conviction.  Instead, he seeks review of the district court's rulings allowing the government to introduce evidence under Federal Rule of Evidence 404(b).  Specifically, Trevino objects to the admission of the following:

(1) The testimony of Virgilio Aguilar regarding the delivery of a box containing 10 kilograms of cocaine by Trevino just weeks before his arrest for the subject offense.[1]  To bolster this testimony, the government offered the testimony of Houston Police Department Latent Fingerprint Examiner Jimmy Schraub, regarding the presence of Aguilar's prints on the box, and the testimony of Customs Service Special Agent Kenneth Crowe regarding the interaction of Trevino and Aguilar on the day in question.  Specifically, Agent Crowe testified that he observed Trevino in Aguilar's company and that the box of cocaine seized in connection with the surveillance and investigation of the pair was delivered to Aguilar by Trevino.

(2) The testimony of Eliazar Ozuna regarding his and Trevino's employment by Genaro and Lauro Torres, two known drug kingpins, to traffic cocaine.  Specifically, Ozuna testified that he, Trevino, and a man named "Simpson" jointly participated in a transaction involving 180 kilograms of cocaine in early 1996.  The cocaine in question had been smuggled in 55 gallon barrels.[2]

(3) The testimony of Houston Narcotics Investigator Jimmy Bell regarding the circumstances giving rise to

---

[1]The district court limited Aguilar's testimony to the incident of July 16, 1998.

[2]Additionally, Trevino objects to the admissibility of testimony from Ozuna regarding nine to eleven separate deliveries and pick-ups made by Ozuna for the Torreses involving the trafficking of cocaine concealed in vehicular gas tanks.

Trevino's 1985 state conviction for trafficking marijuana. Bell testified that Trevino had negotiated a deal to deliver 600 pounds of marijuana to an undercover officer. On June 4, 1985, Trevino delivered 153.9 pounds of marijuana to the undercover officer. As a result of his conduct, Trevino pled guilty to state drug trafficking charges.

II

Federal Rule of Evidence 404(b) provides in relevant part:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed. R. Evid. 404(b). We review the propriety of the admission of extrinsic evidence under Federal Rule of Evidence 404(b) for abuse of discretion. See United States v. Richards, 204 F.3d 177, 199 (5th Cir. 2000). In determining whether the court properly admitted the evidence under 404(b), "the probative value of the evidence, the need for the evidence by the government on the issue of intent, and the court's limiting instructions are all considered." Id.

In United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978)(en banc), we established a two part test to determine whether evidence of extraneous conduct should be admitted under 404(b). First, the trial court must determine if the extrinsic evidence is relevant to an issue other than the defendant's character. See Beechum, 582 F.2d at 911 (5th Cir. 1978). Second, the court must

3

engage in a Rule 403 balancing to determine if the probative value of the evidence is not substantially outweighed by its prejudicial effect.  See id.  In making this determination, the extrinsic evidence must be excluded if it may lead a jury to convict the accused based on his "bad character," regardless of guilt.  See United States v. Carrillo, 981 F.2d 772, 774 (5th Cir. 1993).

## III

Trevino raises two specific arguments regarding the admission of the 404(b) evidence.  First, Trevino argues that the district court committed reversible error as a result of its failure to conduct an on-the-record evaluation of each piece of 404(b) evidence as required by Beechum.  Second, Trevino argues that had the district court properly applied the second prong of Beechum, it would have determined that under a Federal Rule of Evidence 403, the probative value of the evidence regarding his extraneous conduct was substantially outweighed by its prejudicial effect.

While it is clear from a review of the record that the district court did not conduct an on-the-record Beechum analysis before it allowed the admission of the evidence regarding the extraneous actions of Trevino,[3] we find that any error that resulted from the failure of the court to embark on such an

_____

[3] A review of the record reveals that the district court gave the jury limiting instructions contemporaneously with the admission of each piece of 404(b) evidence.

4

analysis is harmless. Trevino's defense to the drug charges has been from the outset that he did not know that the cocaine was hidden in the truck's gas tank. In essence, Trevino has asserted that when he was stopped by the police it was purely accidental that he was driving a truck that happened to be transporting over 40 kilos of cocaine concealed in the gas tank.

The 404(b) evidence introduced by the government regarding Trevino's role in the transporting of 10 kilos of cocaine just two weeks before his arrest, and the evidence regarding his involvement in the transporting of 180 kilos of cocaine for two known drug kingpins in early 1996 is admissible under 404(b) to show intent and lack of accident. Further, weighing the evidence under 403, the probative value of this evidence of past drug transportation and possession, in the light of Trevino's persistent assertions that he did not know the cocaine was hidden in the truck's gas tank, outweighs any unfairness of the prejudicial effect that he may suffer as a result of the admission of this evidence. Consequently, under Beechum, the evidence was admissible, and the failure of the court to conduct an on-the-record 404(b) analysis is harmless.

Finally, we turn to the admission of Trevino's state court conviction stemming from his involvement in the trafficking of 600 pounds of marijuana in 1985. We will assume that the district

5

court erred in admitting this evidence. Nevertheless, given the admission of the other 404(b) evidence, and given overwhelming weight of the evidence of his guilt, such error was harmless. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996)(citing United States v. Scott, 678 F.2d 606, 612 (5th Cir. 1982)(stating that when the trial court abuses its discretion in the admission of evidence, such an error is reviewed under the harmless error doctrine). Indeed, we conclude beyond a reasonable doubt that no reasonable jury could have reached a different result regarding his guilt, notwithstanding the admission of this conviction. See United States v. Hare, 150 F.3d 419, 424 (5th Cir. 1998)(stating that the erroneous admission of 404(b) evidence will be rendered harmless if the overwhelming evidence points to the defendant's guilt); United States v. Cannon, 981 F.2d 785, 789 (5th Cir. 1993)(stating that "we test for harmless error by asking whether the trier of fact would have found the defendant guilty beyond a reasonable doubt with the contested evidence excluded").[4]

---

[4]Trevino also argues that the district court committed reversible error when it allowed the government to redact portions of witnesses' statements before they were turned over to the defense. The district court, after conducting an in camera review of the full statements, denied Trevino's motion to view redacted portions of the statements, concluding that the redacted information would be of little to no value to the defense, while the dissemination of the redacted information could jeopardize an ongoing criminal investigation. The district court did not err in denying Trevino's motion to view the redacted portions of these statements. See United States v. Medel, 592 F.2d 1305, 1316-17

6

IV

The judgment of the district court is

A F F I R M E D.

_____

(5th Cir. 1979).