IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10059
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TODD WILLIAM BARR,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(1:01-CR-41-ALL)
- - - - - - - - - -
August 6, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Todd William Barr appeals his conviction for being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). He argues that the district court erred in admitting evidence of parole instructions and in giving the jury the "deliberate ignorance" or "willful blindness" instruction.

The parole instructions, admitted into evidence over Barr's objection, were evidence of his knowledge that he was a convicted

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felon and that it was unlawful for him to possess a firearm. Because the government was not required to prove either of these facts, see United States v. Emerson, 270 F.3d 203, 216 (5th Cir. 2001), cert. denied, 122 S. Ct. 2362 (2002), and United States v. Dancy, 861 F.2d 77, 81-82 (5th Cir. 1988), it was not relevant and should not have been admitted. In light of the overwhelming evidence of Barr's constructive possession of the guns and ammunition, however, the error was harmless. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

The jury instruction on "deliberate ignorance" was arguably appropriate to show that Barr knew that he was prohibited from possessing guns and ammunition and could be considered to have deliberately blinded himself to the fact that he did not have to be the owner of the guns and ammunition to possess them knowingly. Even if the instruction was improper, however, it too was harmless. The record contains substantial evidence of Barr's constructive possession of the guns and ammunition, so this instruction was mere surplusage and thus did not create the risk of prejudice. See United States v. Cartwright, 6 F.3d 294, 301 (5th Cir. 1993). AFFIRMED.