United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 16, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 03-60139
Summary Calendar

---

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DEBORAH THERESA MEEKS, also known as
Deborah Meeks Quaintance,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CR-73-WS-ALL

---

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Deborah Theresa Meeks appeals her convictions for mail fraud
and money laundering.  She argues that the district court erred by
admitting the testimony of certain witnesses at trial.  We review
the district court's ruling on the admissibility of testimony for
abuse of discretion.[2]  We AFFIRM.

---

    [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [2]*United States v. Moody*, 903 F.2d 321, 326 (5th Cir.  1990).

Meeks' first contention is that the district court abused its discretion in admitting the testimony of Antonio Johnson regarding statements made to him by Gloria Johnson.  We disagree. The district court admitted the prior inconsistent statements made by Gloria to impeach her trial testimony.[2]

Meeks also contends that the district court abused its discretion by allowing the prosecution to present to the jury a portion of the grand jury testimony of Chaquita Hill.  We agree with Meeks that the court erred in allowing this testimony to be admitted as a recorded recollection because there was no predicate showing that, at the time Hill provided her grand jury testimony, the relevant conversation was "fresh in [her] memory."[3]  However, any error in admitting this testimony was harmless.[4]  The grand jury testimony was merely cumulative of other testimony in the record, and its admission at trial did not affect Meeks' substantial rights.[5]

The judgment of the district court is therefore AFFIRMED.

---

[2]*See United States v. Polasek*, 162 F.3d 878, 883 (5th Cir. 1998); *United States v. Sisto*, 534 F.2d 616, 622 (5th Cir. 1976).

[3]*United States v. Judon*, 567 F.2d 1289, 1294 (5th Cir. 1978).

[4]*See United States v. Skipper*, 74 F.3d 608, 612 (5th Cir 1996).

[5]*Id.*