United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41265
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT WAYNE DEWEES,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-1-1
---------------------

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Robert Wayne Dewees appeals his conviction after a jury
trial of possession with intent to distribute less than 50 grams
of methamphetamine and brandishing a firearm during and in
relation to a drug trafficking crime. Dewees argues that the
evidence is insufficient to support his conviction because the
quantity of methamphetamine found was consistent with personal
use. He did not move for a judgment of acquittal at trial.
Dewees also contends that the district court erred by not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

allowing him a three-level reduction for acceptance of responsibility. He did not raise this issue before the district court.

We hold that the evidence presented at trial was sufficient to support Dewees's conviction and there has been no manifest miscarriage of justice. See United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002. Additional evidence beyond the quantity of drugs involved in the offense was presented at trial, including how the drugs were packaged and stored, the presence of a large number of plastic bags and scales (which law enforcement officers testified were of the kind typically used to distribute drugs), and Dewees's possession of a large sum of cash. See United States v. Skipper, 74 F.3d 608, 611 (5th Cir. 1996).

Because Dewees consistently denied that he possessed the methamphetamine with the intent to distribute it, there is no error, plain or otherwise, with respect to the district court's denial of a reduction in his offense level for acceptance of responsibility. See United States v. Medina-Anicacio, 325 F.3d 638, 647-48 (5th Cir. 2003), cert. denied, 124 S. Ct. 2858 (2004).

AFFIRMED.