**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 22, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41527
Summary Calendar

UNITED STATES OF AMERICA,

                                      Plaintiff-Appellee,

versus

JULIETTA LEZA,

                                      Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(2:03-CR-52-3)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Defendant-Appellant Julietta Leza appeals her conviction for conspiracy to possess more than five kilograms of cocaine with the intent to distribute. She asserts that three statements admitted at trial did not fall under the co-conspirator exception to hearsay set forth in FED. R. EVID. 801(d)(2)(E), because there was insufficient evidence to establish Leza's participation in a conspiracy or to establish that the comments were made in furtherance of the conspiracy. The statements and the other testimony at trial establish by a preponderance of the evidence

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Leza participated in a conspiracy. See Bourjaily v. United States, 483 U.S. 171, 181 (1987); Burton v. United States, 237 F.3d 490, 503 (5th Cir. 2000).

Leza did not object to the testimony of Rodney Mirabal with respect to a statement made to him by Felipe Alvarez (Felipe). We therefore review the introduction of the evidence for plain error only. United States v. Cantu, 167 F.3d 198, 204 (5th Cir. 1999). Leza has not established plain error in the introduction of Mirabal's statement.

Leza properly objected to the testimony of Diana Alvarez regarding statements made to her by Felipe. Even if it is assumed that the statements were not made in furtherance of the conspiracy, the introduction of the statements was harmless error. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

Citing Blakely v. Washington, 124 S. Ct. 2531 (2004), and for the first time on appeal, Leza asserts that the district court erred in calculating the drug quantity for the base offense level and in denying her a minor role reduction. This argument is foreclosed by our decision in United States v. Pineiro, 377 F.3d 464, 473 (5th Cir.), petition for cert. filed (U.S. July 14, 2004). Consequently, the judgment of the district court is AFFIRMED.