United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-31163
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 02-CR-299-All-I
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Tyrone Jones appeals his jury conviction for being a felon
in possession of a firearm in violation of 18 U.S.C. § 922(g)(1)
and for possession of a firearm after entry of a domestic
violence restraining order in violation of 18 U.S.C. § 922(g)(8).
Jones argues that the district court abused its discretion in
allowing a police officer to describe the content of an anonymous
telephone tip that led them to Jones. Jones has not shown that
the district court abused its discretion in admitting this

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

evidence as the testimony was not admitted for the truth of the matter asserted, but rather to explain what the officers did in response to the call. See United States v. Gonzalez, 967 F.2d 1032, 1035 (5th Cir. 1992). Further, the anonymous tip did not directly identify Jones and, therefore, it was not prejudicial and was admissible. See United States v. Carrillo, 20 F.3d 617, 619 (5th Cir. 1994). Because admission of the testimony concerning the anonymous tip was not an abuse of discretion, Jones has not shown that the district court's admission of Officer Coleman's testimony concerning the telephone tip or the prosecutor's reference to the tip in closing argument was plain error. See United States v. Miranda, 248 F.3d 434, 443 (5th Cir. 2001).

Jones argues that the admission of the testimony concerning the anonymous tip violated his rights under the Confrontation Clause. Because the evidence was not admitted for the truth of the matter asserted, the Confrontation Clause did not bar the admission of the statement for purposes other than establishing the truth of the matter asserted. See Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).

Jones argues that the district court abused its discretion in allowing the Government to impeach Crystal Thomas with the testimony of Officer Lejon Roberts concerning her prior inconsistent statement. Thomas testified that she had never seen Jones with a firearm. This testimony was clearly inconsistent

with her prior statement to police that she had seen Jones with a firearm on July 16, 2001. After the prosecutor questioned Thomas about the prior inconsistent statement, the district court gave Thomas an opportunity to explain or deny the statement under FED. R. EVID. 613(b). Thomas testified that she made the prior statement because the police threatened her. At that point, Officer Roberts's testimony was admissible to show that Thomas voluntarily made this statement to him and that he did not threatened or coerced her into making this statement. See United States v. Lopez, 979 F.2d 1024, 1033-34 (5th Cir. 1992); see also United States v. Sisto, 534 F.2d 616, 622 (5th Cir. 1976). The admission of the testimony thus was not prohibited by FED. R. EVID. 608. See Lopez, 979 F.2d at 1024.

Jones argues that the district court abused its discretion in admitting the testimony of Alcohol Tobacco and Firearms Agent Charles Smith concerning Officer White's prior statement to Smith a few hours after Jones's arrest regarding the anonymous telephone tip. Jones has not shown that the district court abused its discretion in admitting this testimony as he did not specifically argue at trial that Officer White's statement postdated the motion to fabricate. However, any error in admitting this testimony was harmless. See United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). Defense counsel brought out on cross-examination that Agent Smith did not personally observe Jones's arrest. Given that Officer Smith had already testified concerning the anonymous tip, Agent Smith's

testimony regarding Officer Smith's statement was cumulative evidence that did not cause any further prejudice to Jones. <u>See id.</u>

Jones argues that he was prejudiced by Agent Smith's testimony that firearms offenses are accepted for federal prosecution only if the defendant has a serious prior felony conviction. Jones has not shown that the admission of this testimony was plain error. <u>See</u> <u>Miranda</u>, 248 F.3d at 443. Jones testified that he had a prior conviction for simple burglary. Therefore, the jury was aware of the nature of Jones's prior conviction. Further, the district court instructed the jury that it should not consider Jones's prior conviction as evidence that he committed the offenses for which he was currently on trial. Jurors are presumed to follow their instructions. <u>United States v. Wyly</u>, 193 F.3d 289, 299 (5th Cir. 1999). Therefore, Jones has not shown that admission of this testimony was clear or plain error that affected his substantial rights. <u>See</u> <u>Miranda</u>, 248 F.3d at 443.

Jones argues that the trial court's cumulative errors denied him a fair trial. The cumulative error rule has no application to the instant case because Jones has not identified any individual instances of error. <u>See</u> <u>United States v. Villarreal</u>, 324 F.3d 319, 328 (5th Cir. 2003).

Jones argues that the sentencing enhancements and departure made by the district court violated his Fifth and Sixth Amendment rights, relying on <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004).

In the district court, Jones argued that his sentence should not be enhanced under U.S.S.G. § 2K2.1(b)(5) based on his possession of a firearm in connection with another felony offense, possession of cocaine base, because he was acquitted by the jury of possession of cocaine base. Although Jones did not expressly argue that this enhancement violated his Sixth Amendment rights or cite Apprendi v. New Jersey, 530 U.S. 466 (2000), or Blakely, Jones's argument was sufficient to preserve this issue for review on appeal. See United States v. Akpan, ___ F.3d ___, No. 03-20875, 2005 WL 852416 (5th Cir. Apr. 14, 2005). The Government has not met its burden of proof to show that the district court's enhancement of Jones's sentence pursuant to § 2K2.1(b)(5) was harmless error. See id. Because Jones preserved his objection to the sentencing enhancement under § 2K2.1(b)(5), we vacate Jones's sentence and remand for resentencing.**

---

** Because we vacate and remand Jones's entire sentence, we need not and do not reach his other arguments of sentencing errors; rather, we leave to the district court the decision whether, in its discretion, it will impose the identical sentence with the identical departures or enhancements, or both. If the district court judge reimposes the same sentencing adjustments upon resentencing, Jones may challenge them on appeal after remand.