United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50924
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE SEGURA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-11-1
---------------------

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Jesse Segura appeals his jury conviction of distribution of more than 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He argues that the evidence was insufficient to support his conviction. He also argues that the district court abused its discretion when it admitted testimony of Segura's prior convictions and his prior interactions with one of the testifying witnesses.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Although Segura moved for a judgment of acquittal at the close of the Government's case, Segura did not renew his motion at the close of the evidence. When defense counsel fails to renew a motion for judgment of acquittal, this court reviews challenges to the sufficiency of the evidence to determine whether affirmance would result in a manifest miscarriage of justice. United States v. McIntosh, 280 F.3d 479, 483 (5th Cir. 2002). We will reverse only where the record is devoid of evidence pointing to guilt or contains evidence on a key element of the offense that is so tenuous that a conviction would be shocking. Id.

Trial testimony indicates that Segura routinely sold quantities of methamphetamine to one of the testifying witnesses. Additionally, methamphetamine sold to the witness by Segura and that was found in the witness's car established the quantity determined by the jury. The record therefore is not devoid of evidence pointing to guilt, nor is it so tenuous that a conviction would be shocking. See United States v. Skipper, 74 F.3d 608, 611 (5th Cir. 1996). Segura's conclusional assertions regarding witness credibility do not demonstrate that affirmance of the conviction would result in a manifest miscarriage of justice. See United States v. Polk, 56 F.3d 613, 620 (5th Cir. 1995).

The district court's evidentiary rulings with respect to Segura's prior convictions and his prior interactions with one of the testifying witnesses were in accord with FED. R. EVID. 404(b), which provides that extrinsic evidence of other crimes, wrongs, or

2

acts is not admissible to prove the character of a person to show action in conformity therewith, but is admissible for other purposes, such as intent. FED. R. EVID. 404(b); <u>United States v. Bentley-Smith</u>, 2 F.3d 1368, 1377 (5th Cir. 1993). Also, the district court diminished the prejudicial effect of the FED. R. EVID. 404(b) evidence by giving a comprehensive limiting instruction to the jury regarding the proper use of the evidence. <u>See</u> <u>United States v. Taylor</u>, 210 F.3d 311, 318 (5th Cir. 2000). The district court therefore did not abuse its discretion with reference to the challenged evidentiary rulings. <u>Bentley-Smith</u>, 2 F.3d at 1377.

The district court's judgment is therefore AFFIRMED.