United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10802
Summary Calendar

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

JOHNNY MOJICA,

　　　　Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-353-3-P
---------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

　　　Johnny Mojica appeals his conviction and sentence imposed following his jury trial conviction for possession with intent to distribute five kilograms or more of cocaine. Mojica was sentenced to a term of imprisonment of 160 months to be followed by a five-year term of supervised release.

　　　Mojica argues that the district court committed reversible error in denying his motion in limine and in admitting testimony interpreting the meaning of a drug code word. He argues that the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probative value of that evidence was outweighed by its prejudicial effect.

Experienced narcotics agents may testify about the significance of certain conduct in the drug distribution business, which includes providing an interpretation of drug jargon or code words. United States v. Washington, 44 F.3d 1271, 1283 (5th Cir. 1995); see United States v. Griffith, 118 F.3d 318, 321 (5th Cir. 1997). However, the testimony of the witness must be based upon sufficient facts and data. FED. R. EVID. 702. The agents' testimony that the word "tamales" meant drugs as opposed to money was not based on a prior use of that term. The brief reference to the term by Tijerina did not provide any guidance as to its meaning within the context of the sentence. Because there appeared to be little factual support for the agents' testimony regarding the meaning of "tamales, it may have been an abuse of discretion to admit the agents' testimony. See United States v. Navarro, 169 F.3d 228, 232 (5th Cir. 1999).

Even if this court finds an abuse of discretion in the admission of evidence, it reviews the error under the harmless-error doctrine. United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996). When applying the harmless-error standard, this court views the error in the context of the trial as a whole. United States v. Wells, 262 F.3d 455, 463 (5th Cir. 2001). Relief is warranted "only if the [inadmissible] evidence had a 'substantial impact' on the verdict." Id. (internal quotation marks omitted).

The admission of the testimony did not have substantial impact on the jury's verdict. Id. There was evidence independent of the agents' interpretation of the meaning of "tamales" to support Mojica's conviction for possession with intent to distribute more than five kilograms of cocaine. Hebert's testimony that Mojica was delivering drugs rather than purchasing two kilograms of cocaine was corroborated by the fact that eight kilograms of cocaine were found in the truck. The evidence showed that a drug dealer would not take the unnecessary risk of exposing additional drugs to theft or seizure by law enforcement. Further, Mojica's testimony regarding the circumstances surrounding the drug transaction was not credible, which explains the jury's apparent rejection of Mojica's testimony concerning his role in the transaction. The admission of the agents' interpretation of the word "tamales" did not have a substantial impact on the verdict and, thus, any error in the admission of the testimony was harmless. Wells, 262 F.3d at 463.

Mojica argues that the district court erred in raising his offense level for obstruction of justice in light of United States v. Booker, 125 S. Ct. 738 (2005). By making an objection at sentencing under Blakely v. Washington, 542 U.S. 296 (2004), Mojica preserved a Sixth Amendment claim under Booker. See United States v. Akpan, 407 F.3d 360, 376 (5th Cir. 2005).

Because the jury was not specifically instructed to determine beyond a reasonable doubt whether Mojica committed perjury at trial

and thus obstructed justice, the district court's imposition of this enhancement under the mandatory guidelines system was a Sixth Amendment violation. See United States v. Holmes, 406 F.3d 337, 364-65 (5th Cir. 2005). Remarks made by the district court during sentencing indicate that the district court felt compelled to sentence Mojica within the guidelines sentencing range. Because the Government has pointed to no evidence in the record to show that the district court would have imposed the same sentence if it had acted under an advisory system, it has not shown that the error was harmless. See Akpan, 407 F.3d at 377.

Mojica's conviction is AFFIRMED. His sentence is VACATED, and the matter is REMANDED for resentencing.

AFFIRMED IN PART; SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING