IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-41256
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

PAUL FLORES, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-956-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Paul Flores, Jr., appeals following his jury trial conviction of one count of possession with intent to distribute marijuana. Flores was arrested after an inspection of his vehicle at an immigration checkpoint on the highway between Laredo and San Antonio revealed that barrels on the truck he was driving contained marijuana. At Flores's trial, Agent Rene Martinez of the Border Patrol testified that Flores admitted knowledge of the marijuana, and a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supplemental report prepared by Agent Martinez containing notes on Flores's admissions was admitted into evidence.

Flores contends that the district court erred in excluding testimony by Agent Antonia Mojica of the Drug Enforcement Administration (DEA) regarding his denial of knowledge of the marijuana on the vehicle. He also contends that the district court erred by failing to admit a report prepared by Agent Mojica, which reflected that he had denied knowledge of the marijuana in an interview with DEA agents. Flores argues that the excluded evidence was admissible under FED. R. EVID. 106. Citing Texas state authorities, Flores also relies on the "rule of optional completeness" and on Rule 107 of the Texas Rules of Evidence. Because state evidentiary rules have no application in federal district courts, we do not consider Flores's arguments based on Texas law.

A district court's evidentiary rulings are reviewed for abuse of discretion, United States v. Cantu, 167 F.3d 198, 203 (5th Cir. 1999). If an abuse of discretion is found, the error is reviewed under the harmless error doctrine. Id.

"Rule 106 does not apply to a witness's testimony at trial." United States v. Garcia, 530 F.3d 348, 353 (5th Cir. 2008). "Rule 106 only allows the admission of portions [of a document] that are 'relevant and necessary to qualify, explain, or place into context the portion already introduced.'" Id. at 352 (quotation marks and citation omitted).

Here, the excluded evidence was not necessary to qualify, to explain, or to place into context Flores's admission to Agent Martinez of his knowledge of the marijuana. Evidence of Flores's admission to Agent Martinez, viewed alone, was not "misleading." See United States v. Branch, 91 F.3d 699, 727 (5th Cir. 1996). Flores has failed to show that the district court abused its discretion in excluding evidence. See Cantu, 167 F.3d at 203.

Additionally, we agree with the Government that, if the district court erred in excluding the evidence in question, any error was harmless. Agent Mojica testified that Flores told DEA agents that the purpose of his journey to

San Antonio was to obtain maintenance work on the vehicle. It was clear from Agent Mojica's testimony that Flores told a different story to the DEA agents than he told to Agent Martinez and that Flores did not admit knowledge of the marijuana in his interview with the DEA. The excluded evidence would therefore have been cumulative.

Moreover, the evidence showed that Flores admitted knowledge of the marijuana to two Border Patrol agents at different times. Agent Martinez's testimony regarding Flores's admission was similar to testimony by Agent Hector Lira that Flores indicated an awareness of the concealed marijuana. In view of the above, and considering the overall strength of the Government's case, any error in excluding evidence was harmless and did not affect Flores's substantial rights. See United States v. Tucker, 345 F.3d 320, 326-27 (5th Cir. 2003); United States v. Skipper, 74 F.3d 608, 612 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.