# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 1, 2010

No. 09-41200
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE ELI GUERRA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-46-1

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jose Eli Guerra appeals his conviction for knowingly or intentionally possessing, with intent to distribute, less than 50 kilograms of marijuana, in violation of 18 U.S.C. § 2, and 21 U.S.C. §§ 851, 841(a)(1), 841(b)(1)(D). Guerra was arrested after United States Border Patrol Agents found 41.6 pounds of marijuana in the spare tire of the vehicle he was driving as the sole occupant. Guerra denied any knowledge of the marijuana in the spare tire.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-41200

Guerra contends:  the district court abused its discretion when, under Federal Rule of Evidence 404(b), it admitted, for the purpose of proving either his knowledge of the marijuana in the spare tire or his intent to distribute the marijuana, evidence of his prior Texas felony-conviction for possession of marijuana in excess of 50 pounds.  *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121.  The circumstances of the prior offense were almost identical to the charged offense, except, in the prior offense, the marijuana was found bundled in three suitcases in the vehicle's trunk.

Such admission of evidence under Rule 404(b) is reviewed under a heightened abuse-of-discretion standard.  *See United States v. McCall*, 553 F.3d 821, 827 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2018 (2009).  "[E]vidence in criminal trials must be strictly relevant to the particular offense charged."  *Id.* (internal quotation marks and citation omitted).

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." FED. R. EVID. 404(b).  Such evidence may, however, be admissible to prove other matters, such as intent or knowledge.  *Id.*  In determining the admissibility of extrinsic evidence, we apply a two-step test, requiring the extrinsic-offense evidence:  (1) be relevant to an issue other than the defendant's character; and (2) possess probative value *not* substantially outweighed by its undue prejudice and meet the requirements of Rule 403.  *United States v. Beechum*, 582 F.2d 898, 911 (5th Cir. 1978) (en banc).  If the evidence sought to be introduced is an extrinsic offense, "its relevance is a function of its similarity to the offense charged".  *Id.*

To determine the relevance of the extrinsic offense, it is *not* necessary to show the physical elements of an extrinsic offense were similar to those of the current offense.  *Id.* at 912 n.15.  Rather, the extrinsic offense only needs to involve the same knowledge required for the charged offense.  *Id.*  Moreover, the

2

Government must offer sufficient proof demonstrating defendant committed the extrinsic offense. *Id.* at 913.

Both Guerra's prior offense and charged offense required proof of knowledge. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121; *Long v. State*, 532 S.W.2d 591, 594 (Tex. Crim. App. 1976); 21 U.S.C. § 841(a)(1); *United States v. Skipper*, 74 F.3d 608, 611 (5th Cir. 1996) ("To establish a violation of 21 U.S.C. § 841(a)(1), 'the government must prove knowing possession of the contraband with intent to distribute.'"). Knowing possession may be proven by either direct or circumstantial evidence. *Skipper*, 74 F.3d at 611. Absent direct proof of knowledge, "evidence must affirmatively link the [accused] to the contraband in such a manner that a reasonable inference arises that [he] knew of its existence." *Long*, 532 S.W.2d at 594; *see also Skipper*, 74 F.3d at 611 (finding reasonable inference Skipper knowingly possessed contraband where Skipper was owner and driver of vehicle, and contraband seen coming from driver's side of vehicle). Such an inference may arise if the accused was in the exclusive possession of the place where the contraband is found. *See Long*, 532 S.W.2d at 594; *Skipper*, 74 F.3d at 611; *see also Ortiz v. State*, 930 S.W.2d 849, 853 (Tex. App. 1996).

The district court did *not* abuse its discretion in finding the extrinsic-offense evidence was relevant to the issue of Guerrra's knowledge. First, the jury could reasonably have found Guerra committed the Texas offense of possession of marijuana, based on the uncontradicted testimony offered at the trial for the instant offense. *See Beechum*, 582 F.2d at 913. Second, because knowing possession is required for both the prior and charged offenses, the prior offense is relevant to the issue of Defendant's knowledge for the current crime. *See id.*

The second step of *Beechum*'s analysis involves balancing the Rule 403 factors: evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading

3

the jury, or by considerations of undue delay, waste of time, or presentation of cumulative evidence. FED. R. EVID. 403. The amount of time that has elapsed between the previous offense and the present charge, and the overall similarity of the two acts, may affect the probative value of the extrinsic evidence. *Beechum*, 582 F.2d at 915. Additionally, the risk of unfair prejudice is substantially lowered by a district court's limiting instruction. *United States v. Crawley*, 533 F.3d 349, 355 (5th Cir. 2008).

The district court did *not* abuse its discretion in finding the Rule 403 balancing favored admission of evidence of the prior Texas offense. The prior offense was committed in 1995; however, the length of time between the two offenses is only one factor considered in our Rule 403 balancing test. *See United States v. Chavez*, 119 F.3d 342, 346-47 (5th Cir. 1997) (upholding admission of fifteen-year-old prior conviction to show intent). Though evidence of the prior Texas offense posed some threat of prejudice, Rule 403 sets a high standard for exclusion; evidence is excluded only if "the trial judge believes that there is a genuine risk that the emotions of the jury will be excited to irrational behavior, and that this risk is disproportionate to the probative value of the offered evidence". *Beechum*, 582 F.2d at 915 n.20 (internal quotation marks and citation omitted). The district judge did *not* find such risk here.

Additionally, in an attempt to minimize the chance of unfair prejudice, the district court gave two separate limiting instructions: one immediately before the Government introduced the prior conviction, and one before the jury began deliberating. Both instructions delineated the limited purposes for which evidence of the prior conviction was relevant. If any risk of unfair prejudice remained after delivery of the court's instructions with regard to the knowledge element, it did *not* substantially outweigh the probative value of the prior conviction. *See Crawley*, 533 F.3d at 355.

Finally, there is *no* merit to Guerra's contention the district court neglected on-the-record consideration of the issue of the prejudice potentially

No. 09-41200

caused by admitting evidence of the Texas offense.  The court addressed the issue on the record more than once.

AFFIRMED.