# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50144
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABELARDO MEJIA-JAIMES, also known as Abelardo Jaimes, also known as Abelardo M. Jaimes,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:13-CR-284-2

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Abelardo Mejia-Jaimes appeals his convictions for (1) conspiring to possess with intent to distribute (a) five kilograms or more of a mixture and substance containing cocaine, (b) one kilogram or more of a mixture and substance containing heroin, and (c) 500 grams or more of a mixture and substance containing methamphetamine, and (2) conspiring to commit money

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50144

laundering.  He argues that the evidence adduced at trial was not sufficient to prove that he knowingly intended to join the drug and money laundering conspiracies at issue and that the district court erred by excluding testimony from co-defendant Jose Yuviel Tavera Ugarte (Yuviel) that Mejia-Jaimes lacked the requisite knowledge and intent.

Assuming without deciding that Mejia-Jaimes adequately preserved his sufficiency arguments below, we review the denial of his motion for a judgment of acquittal de novo, "assess[ing] whether a reasonable jury could have properly concluded, weighing the evidence in a light most deferential to the verdict rendered by the jury, that all of the elements of the crime charged had been proven beyond a reasonable doubt." *United States v. Hope*, 487 F.3d 224, 227 (5th Cir. 2007) (internal quotation marks and citation omitted).  "The assessment of the weight of the evidence and the determination of the credibility of the witnesses is solely within the province of the jury." *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992).  "[C]ircumstances altogether inconclusive, if separately considered, may, by their number and joint operation, especially when corroborated by moral coincidences, be sufficient to constitute conclusive proof." *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012) (internal quotation marks, citations, and emphasis omitted).

As Mejia-Jaimes concedes the existence of an agreement to violate narcotics laws, we must consider with regard to the drug conspiracy conviction only whether he knew of the drug agreement and voluntarily participated in it. *United States v. Valdez*, 453 F.3d 252, 256-57 (5th Cir. 2006).  Similarly, because he concedes the existence of an agreement to launder money, we need consider only whether Mejia-Jaimes joined that agreement knowing its purpose and with the intent to further the illegal purpose. *See United States*

No. 15-50144

*v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999). In light of the copious testimonial and documentary record evidence from which the jury could infer Mejia-Jaimes's knowledge of, and participation in, the conspiracies—including, but not limited to, evidence that he was present at stash houses, helped procure a vehicle used in the drug conspiracy, purchased bus tickets under false names for members of the drug conspiracy, and deposited drug proceeds in an effort to conceal them from law enforcement—the district court did not err by denying Mejia-Jaimes's motion for a judgment of acquittal. *See Hope*, 487 F.3d at 227. Nor did the district court commit reversible error by excluding certain testimony from Yuviel regarding whether Mejia-Jaimes was aware of the drug conspiracy; the jury heard numerous other assertions by Yuviel that Mejia-Jaimes was innocent and unknowledgeable. *See United States v. Ebron*, 683 F.3d 105, 133 (5th Cir. 2012); *United States v. Skipper*, 74 F.3d 608, 612 (5th Cir. 1996) (holding that any error is harmless unless, in light of the entire proceedings, it contributed to the jury's verdict).

AFFIRMED.