United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20896
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOE KING

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-285-10
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Joe King appeals his conviction for possession with intent
to distribute phencyclidine (PCP), and aiding and abetting.  King
argues that the evidence was insufficient to sustain the three
elements of his offense:  knowledge, possession of a controlled
substance, and intent to distribute.  See 21 U.S.C § 841(a)(1).

King filed a timely motion of acquittal at the close of the
Government's case and at the close of all of the evidence.  See
FED. R. CRIM. P. 29.  Accordingly, his challenge to the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sufficiency of the evidence is reviewed for "'whether a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt.'"  United States v. Butler, 429 F.3d 140, 151 (5th Cir. 2005) (citation omitted).

Knowledge

King argues that there was insufficient evidence, either direct or circumstantial, to establish that he knew he possessed any controlled substance.  He challenges the reliability of the testimony from Raymond Hines, a co-defendant.

The record contains direct evidence from Hines that he delivered eight ounces of PCP to King in Hines's car.  Hines testified that King had requested through another co-defendant that the eight ounces be delivered to him.  Hines further testified that King paid him money for the transaction.  The testimony from Hines was direct evidence from eyewitnesses to the incident, not circumstantial evidence.  The jury was entitled to believe Hines to be a credible witness.  See Butler, 429 F.3d at 141.  King cannot show that Hines was an incredible witness in light of the extensive surveillance that was conducted on Hines, his operation, and on King himself.  See United States v. Bermea, 30 F.3d 1539, 1552 (5th Cir. 1994).

Intent to deliver

King argues that, even assuming arguendo that he picked something up from Hines, there is no evidence that he intended to deliver it to another person.  Hines testified that he received a

call from a co-defendant stating that King "and his cousins" were in town and were requesting the eight ounces of PCP to buy at the cost of $1300.  The jury was entitled to believe the testimony of Hines that the sale to King involved delivery to King's cousins.  See Booker, 334 F.3d at 410.  Further, the large sum of cash is also consistent with delivery.  See United States v. Skipper, 74 F.3d 608, 611 (5th Cir. 1996).

Proof of possession

King argues that there is insufficient evidence to establish that he possessed any controlled substance.  King argues that Hines's testimony that the substance he gave to King was PCP was incredible testimony.

This court has held that the identification of a controlled substance may be established by circumstantial evidence as long as the nature of the substance is established beyond a reasonable doubt.  See United States v. Benbrook, 40 F.3d 88, 93-94 (5th Cir. 1994).  Possession may be either actual or constructive. United States v. Mergerson, 4 F.3d 337, 348 (5th Cir. 1993).

The testimony of Hines established that King was given eight ounces of PCP by Hines in return for King paying Hines $1300. The jury was entitled to believe the testimony of Hines.  See Booker, 334 F.3d at 410.  King's argument that Hines's testimony was incredible is not supported by the record of surveillance, the wiretaps, and the testimony from agents conducting the investigation.  See Bermea, 30 F.3d at 1552.  Viewed in a light

most favorable to the verdict, the evidence is sufficient to sustain Hines's conviction for possession with intent to deliver PCP.  See Butler, 429 F.3d at 151.

AFFIRMED.