**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-41188

SANDRA KING; DARRELL KING; ANITA COOK

Plaintiffs - Appellants

v.

LADY JANE TOO M/V; DANIEL D. HEALEY

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No: 3:06-CV-00538

Before BARKSDALE, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs in a personal injury lawsuit appeal from the entry of judgment for the defense after a bench trial. The grounds are allegedly clear error in fact findings and abuse of discretion in evidentiary rulings. We AFFIRM.

In June 2006, Sandra King, Darrell King, and Anita Cook were passengers in a boat called the Thunder Lightning, traveling in the IntraCoastal Waterway along the Bolivar Peninsula, in Texas. They were injured after being tossed by the wake of another boat. The three passengers brought suit against the Lady

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jane Too, owned by Daniel Healey, claiming it had caused the wake. The issue at trial was whether the Lady Jane Too was actually the other boat. Key and contested evidence was a restaurant receipt revealing the time the passengers finished lunch, too far away to have been in the negligently piloted boat when the injuries occurred. Both sides presented timelines for the relevant events.

In reaching a decision, the court relied on the restaurant receipt indicating the time at which the defendants were in one location, and a marina receipt revealing the time the plaintiffs were at another location. The court credited the testimony of the defendants and the testimony of a defense expert, David Scruton, to calculate the position of the Lady Jane Too. The court found that the Lady Jane Too was not at the location of the incident at the right time. The district court entered judgment for the Lady Jane Too.

On appeal, King and the other plaintiffs argue that the district court clearly erred in calculating the time the Lady Jane Too traveled and abused its discretion in admitting the unauthenticated restaurant receipt. Error in admitting a supplemental report from the defense expert is also alleged.

We review findings of fact after a bench trial for clear error and legal issues *de novo*. *In re Mid-South Towing Co.*, 418 F.3d 526, 531 (5th Cir. 2005).

King and the other plaintiffs argue that the Lady Jane Too's timeline of events was mathematically impossible. We do not accept that conclusion after reviewing the record. The district court was entitled to accept the Lady Jane Too's expert's calculation of the time, and that calculation was mathematically possible. We find no clear error.

It is also argued that the district court abused its discretion in admitting the receipt from the restaurant at which those on the defendant boat had lunch. The alleged error is the absence of proper authentication. What was missing was any proof that the time shown on the receipt was accurate. This is an issue of the admissibility of evidence. An objection to the introduction was made at

trial. Thus, we determine whether the district court abused its discretion. *United States v. Skipper*, 74 F.3d 608, 612 (5th Cir.1996).

This is argued as an authentication error. Authentication is shown by "evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). That requirement may be satisfied by the testimony of a witness with knowledge. Fed. R. Evid. 901(b)(1).

The restaurant receipt was authenticated by a witness with knowledge. Mike Duncan, one of the Lady Jane Too passengers, testified that it was in fact the receipt he received when he paid for lunch. It had been in his custody since he paid the bill. He also testified that he paid the bill at or near the time stated on the receipt. This evidence sufficiently supported admission of the receipt, and there was no abuse of discretion.

Next, King and the other passengers argue that the district court abused its discretion by admitting the supplemental report of a defense expert. The "Supplemental and Rebuttal Designation of Expert Witness" was filed one day before the close of discovery. Plaintiffs argue it was not truly supplemental and should have been submitted earlier.

The admission of expert reports is subject to the abuse of discretion standard of review, and the district court has "wide latitude" in deciding such pretrial matters. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). Supplementation of discovery is required if the party learns his disclosure is materially incomplete or incorrect. Fed. R. Civ. P. 26(e). Though the supplemental report did repeat some information, it provided new information about the waves produced by the Lady Jane Too. The district court did not abuse its discretion in finding the report a valid supplement.

There was no clear error or abuse of discretion. We AFFIRM.